# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARILYN FREED : | |
|    Plaintiffs, : | |
| : | CIVIL ACTION |
| vs. : | NO. 08-3348 |
| : | |
| CELEBRITY CRUISES, INC; : | |
| AZAMARA CRUISES; and : | |
| ROYAL CARIBEAN CRUISES, LTD. : | |
|    Defendants. : | |

## MEMORANDUM AND ORDER

Tucker, J.                                                                                                                         December ___, 2009

Presently before the Court is Defendants' Motion to Dismiss for Improper Venue Pursuant to Federal Rule of Civil Procedure 12(b)(3) and/or Transfer Venue Pursuant to 28 U.S.C. §1404(a) (Doc. 2) and Plaintiff's Response in Opposition (Doc. 5). For the reasons set forth below, Defendants' Motion is GRANTED and this matter will be transferred to the United States District Court for the Southern District of Florida.

## I. BACKGROUND

In July 2008, Plaintiff brought suit before this Court against Defendants for personal injuries suffered as a result of an alleged slip and fall while she was a passenger on one of Defendants' cruises in July 2007.

Defendants argue that the present matter is improperly before this Court. Accordingly, they seek to dismiss the action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or transfer the matter to the proper venue pursuant to 28 U.S.C. §1404(a). It is Defendants position that all passengers aboard its cruises receive tickets containing a forum

selection clause limiting venue to the United States District Court for the Southern District of Florida located in Miami-Dade County, or if the federal court lacks subject matter jurisdiction, to a state court located in Miami-Dade County in the state of Florida. They argue that Plaintiff's receipt of the forum selection clause, along with Florida being the principal place of business and location of all cruise ship employee witnesses makes it the appropriate venue for this matter.

Plaintiff counters that despite the enforceability of the forum selection clause, she is not subject to it because she never received a ticket for the cruise. It is averred that as a travel agent receiving a special discounted price in return for attending a "Seminar at Sea," Defendants sent her two confirmation e-mails. Plaintiff further argues that the two e-mails were the only communication received regarding the cruise. Since neither e-mail contained the forum selection clause, Plaintiff's position is that she cannot be bound to terms she never received. Additionally, Plaintiff argues that her age (seventy-six), Defendants' business activities in the current venue, as well as the location of non-cruise ship employee witnesses warrant the denial of Defendants' motion.

In its reply, Defendants argue that both confirmation emails contained the following language: "Please log on to www.celebrity.com to utilize our online check-in and print out an 'Express Pass.' This will expedite check-in on embarkation day as well as allow you to add your Captain's Club number." According to Defendants, if Plaintiff used the Express Pass feature, she would have been required to acknowledge the contract terms she now claims she never received. It is further argued that no matter what boarding option Plaintiff chose, she–like all passengers–would have been required to check-in to board the vessel and that at check-in, each passenger receives a cruise tour contract. Along with its assertions, Defendants provided the Court with an affidavit from David Banciella, Supervisor of Guest Claims in Defendants' Legal Department, in which he avers that "no passenger is permitted to board the vessel without presenting to Celebrity boarding personnel a Celebrity Cruise/Cruise Tour Ticket and/or a Celebrity 'Express Pass.'"

Finally, it is argued that an as experienced travel agent, Plaintiff knew or should have known about the terms and conditions of cruise ship travel. Plaintiff admits that she has worked as a travel agent for more than twenty years.

**II. DISCUSSION**

Passenger tickets and conditions contained therein are maritime contracts and accordingly, are examined applying the appropriate maritime law. Hodes v. S.N.C. Achille, 858 F.2d 905, 909 (3d Cir. 1988); Ferketich v. Carnival Cruise Lines, 2002 U.S. Dist. LEXIS 20052, at *7 (E.D. Pa. Oct. 17, 2002). The Supreme Court has held that provisions, such as forum selection clauses, are "prima facie valid" and barring exceptional circumstances "should be given controlling weight." Ferketich, 2002 U.S. Dist. LEXIS 20052, at *7 (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 9-10 (1972); Stewart Org. v. Ricoh Corp., 487 U.S. 22, 33 (1988)). Plaintiff, as the party challenging the forum selection clause, bears the heavy burden of demonstrating the unreasonableness of enforcing it. Id.(citing Bremen, 407 U.S. at 10-12). Generally, forum selection clauses are upheld when the court determines it has been reasonably communicated to the passenger. Id. Here, Plaintiff's main contention is that the absence of the clause in the two emails she received and Defendants' failure to provide a ticket render the forum selection clause in this matter void due to a lack of notice.

Contrary to Plaintiff's argument, the Court finds that at a minimum there was constructive notice of the forum selection clause. It is widely held that travelers are charged with notice of ticket provisions even when someone acting in the capacity of an agent possesses the ticket instead of the actual passenger. Ferketich, 2002 U.S. Dist. LEXIS 20052, at *12 (citing Hodes v. S.N.C. Achille, 858 F.2d 905, 912 (1988) (stating that the passenger is charged with notice of ticket provisions through the agent's possession). Here, Plaintiff openly admits that she has worked as a travel agent for over twenty years. She asks the Court to overlook her multiple decades of work as a travel agent and deny Defendants' motion because she never received boarding papers and was therefore not aware of the travel terms. The Court finds this rationale

wholly inconsistent with this district's present position of the enforceability of forum selection clauses upon similarly situated persons. Hicks v. Carnival Cruise Lines, Inc.,1995 A.M.C. 281, 289 (holding that a passenger could not escape the terms of the ticket contract because she delegated the responsibility for travel arrangements to another person, who then used the services of a travel agency). If a passenger using a travel agency is bound to travel terms, even if he/she does not have physical possession of the tickets, it stands to reason that Plaintiff as an experienced agent and passenger may not escape the forum selection clause because she allegedly did not receive them. Ferketich, 2002 U.S. Dist. LEXIS 20052, at *12.

It is generally held that passengers who fail to read the contract take the risk of the omission. Murray v. Cunard S.S. Co., 139 N.E. 226, 228 (1923) (See also Marek v. Marpan Two, Inc., 817 F.2d 242, 247 (3d Cir. 1987); Central Contracting Co. v. Maryland Casualty Co., 367 F.3d 341, 346 (3d Cir. 1966); Park Inn Int'l, L.L.C. v. Mody Enterprises, Inc., 105 F.Supp.2d 370, 375 (D. N.J. 2000) ("Far more than casual in transaction, defendants here must be charged with notice of the forum selection clause and their failure to read it will not excuse them."). While it may very well be true that Plaintiff did not see the forum clause, it does not lead the Court to conclude that it was because she failed to receive them. Based on Defendants submissions, there were at least three opportunities for Plaintiff to receive proper notice of the forum selection clause—the Express Pass, the confirmation email or the boarding pass. Plaintiff's failure to review the policy on one of these three occasions does not render the clause inapplicable to her.

For the aforementioned reasons, Defendants' request is granted and this matter will be transferred to the Southern District of Florida. An appropriate Order follows.